UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **KARL DEAN PENTECOST** | **CASE NO. 1:20-CV-00099** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LOUISIANA SAFETY ASSOCIATION OF TIMBERMEN ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REASONS FOR DECISION

The present matter is an Appeal from the Bankruptcy Court filed by Karl Pentecost. Pentecost seeks relief from an Order entered by the Bankruptcy Court on January 6, 2020 in which the Bankruptcy Court found that a state court action filed by Pentecost violated the automatic stay and also denied Pentecost's request to grant *nunc pro tunc* relief from the automatic stay. The duly-appointed Chapter 7 trustee of the estate of Louisiana Safety Association of Timbermen – Self Insured Fund ("LSAT"), Ted Brett Brunson, (the "Trustee") opposes the appeal.

### I.
### BACKGROUND

LSAT filed for relief under Chapter 7 of the Bankruptcy Code on September 11, 2015. The commencement of LSAT's Chapter 7 case created an estate consisting of, *inter alia*, "all legal or equitable interests of [LSAT] in property as of the commencement of the case."[1] The Trustee was appointed, and the Trustee controlled and administered the estate for the benefit of the estate's creditors.[2] Prior to its bankruptcy filing, LSAT filed suit in Louisiana state court against Pentecost

---

[1] 11 U.S.C. 541.
[2] 11 U.S.C. 704.

and two entities controlled by him.[3] LSAT's suit sought to recover unpaid insurance premiums under a policy issued by LSAT.[4] During the state court trial, LSAT called all witnesses that were identified by the parties on their respective witness lists (including Pentecost, who was called on cross-examination), and LSAT introduced all of the exhibits that had been identified by the parties in their respective trial exhibit lists.[5] After LSAT rested its case, Pentecost moved to dismiss the case, and the trial judge granted the motion based upon on the trial judge's conclusion that LSAT had failed to establish Pentecost's personal liability for the insurance premiums.[6]

LSAT appealed to the Louisiana Second Circuit Court of Appeal. The appellate court rejected the trial court's conclusion that LSAT had failed to prove its case and, indeed, concluded that record actually established Pentecost's liability to LSAT.[7] Accordingly, under Louisiana Code of Civil Procedure art. 2164, the appellate court reversed the trial court and rendered judgment in favor of LSAT against Pentecost.

Pentecost then filed a motion for rehearing with the Louisiana Second Circuit based, in part, on his allegation that the Louisiana Second Circuit had violated his due process rights.[8] After consideration of Pentecost's arguments, the Louisiana Second Circuit denied Pentecost's motion for rehearing without explanation.[9] Pentecost sought review from the Louisiana Supreme Court based on the same contention that the Louisiana Second Circuit had denied him his due process rights.[10] The Louisiana Supreme Court denied Pentecost's petition without written reasons.[11]

---

[3] (Record Bankruptcy Case 15-81004, Page ID # 326).
[4] (Record Bankruptcy Case 15-81004, Page ID # 318).
[5] (Record Bankruptcy Case 15-81004, Page ID # 327-328).
[6] (Record Bankruptcy Case 15-81004, Page ID # 328).
[7] (Record Bankruptcy Case 15-81004, Page ID # 336-339).
[8] (Record Bankruptcy Case 15-81004, Page ID # 342-352).
[9] (Record Bankruptcy Case 15-81004, Page ID # 354).
[10] (Record Bankruptcy Case 15-81004, Page ID # 355-372).
[11] (Record Bankruptcy Case 15-81004, Page ID # 406).

Pentecost did not file an application for writ of certiorari to the United States Supreme Court; accordingly, the ruling of the Louisiana Second Circuit became a final judgment against Pentecost.[12] This final judgment, on which Pentecost now owes more than $1 million (the "Final Judgment"), is an asset of LSAT's bankruptcy estate.[13] In August 2019, the Trustee commenced a garnishment proceeding in Louisiana state court to collect on the Final Judgment.[14] As of December 16, 2019, the Trustee held $7,876.80 in garnished wages from Pentecost.[15]

In December 2018, Pentecost filed suit against LSAT in the United States District Court for the Western District of Louisiana (the "Federal Court Suit") seeking to nullify the Final Judgment on the identical due process grounds that he had exhausted in the prior state court action. The district court referred the new action to the Bankruptcy Court handling the LSAT bankruptcy case for report and recommendation.

In a July 18, 2019 Report and Recommendation, the Bankruptcy Court recommended that the district court dismiss the Federal Court Suit for lack of subject matter jurisdiction on the basis of the Rooker-Feldman doctrine. The district court adopted the Bankruptcy Court's reasoning and dismissed the Federal Court Suit on July 29, 2019. Pentecost appealed that dismissal and, on January 30, 2020, the Fifth Circuit affirmed the dismissal.

On August 28, 2019, Pentecost filed yet *another* suit against LSAT seeking to nullify the Final Judgment and force the Trustee to disgorge the garnished wages held by the Trustee.[16] This new suit was a Louisiana nullity action (the "Louisiana Nullity Action") that sought to nullify the Final Judgment on the same due process grounds as the preceding federal suit. After Pentecost's

---

[12] (Record Bankruptcy Case 15-81004, Page ID # 3411).
[13] (Record Bankruptcy Case 15-81004, Page ID #312).
[14] (Record Bankruptcy Case 15-81004, Page ID # 312).
[15] (Record Bankruptcy Case 15-81004, Page ID # 706).
[16] (Record Bankruptcy Case 15-81004, Page ID #211-223).

lawyer refused the Trustee's request that he dismiss the Louisiana Nullity Action, the Trustee filed its Motion to Enforce Automatic Stay and for Contempt against Pentecost and his attorney on September 18, 2019.[17] Pentecost subsequently filed his Alternative Motion for Relief from Stay.[18] The Trustee's motion and Pentecost's cross-motion were consolidated for hearing before the Bankruptcy Court.

The motions were jointly heard by the Bankruptcy Court on October 23, 2019 and December 18, 2019.[19] The record of these hearings reflects that the parties focused their arguments on whether Pentecost's filing of the Louisiana Nullity Action violated the automatic stay and, if so, whether this violation justified a contempt finding against Pentecost and his attorney. At the hearings, the Trustee also argued that "cause" did not exist under 11 USC §362(d) for the court to modify the automatic stay.[20]

At the conclusion of the December 18th hearing, the Bankruptcy Court entered an oral ruling. First, with respect to contempt, the court ruled that Pentecost did not understand that his lawyer's action in filing the Louisiana Nullity Action violated the automatic stay. Accordingly, the court concluded that there was no basis to hold Pentecost in contempt for a *knowing* violation of the automatic stay.[21] On the question of whether the Louisiana Nullity Action violated the automatic stay, the Bankruptcy Court ruled that "I have no choice but to find that the filing of the state court lawsuit at issue in this motion violated the automatic stay."[22] The Bankruptcy Court also ruled that there were no grounds to modify the automatic stay, and found no extraordinary

---

[17] (Record Bankruptcy Case 15-81004, Page ID # 205-209).
[18] (Record Bankruptcy Case 15-81004, Page ID # 251-256).
[19] (Docket ## 5, 7, transcripts of hearings).
[20] (Docket #5: Tr. 17-18).
[21] (Docket #7: Tr. 84: 11-18).
[22] (Docket #7: Tr. 84: 21-25).

circumstances to justify granting *nunc pro tunc* relief from the automatic stay. Specifically, the Bankruptcy Court ruled:

> The filing of the state court suit by my reading of the Code and the jurisprudence is already an absolute nullity unless I lift the stay retroactively. . . . I can only do this under rare and exceptional circumstances, and I don't see any here. . . . The Court finds no exceptional circumstance whatsoever. . . . So for the reasons stated under the jurisprudence of the United States Fifth Circuit Court of Appeals, provisions of 11 USC 362, the Court denies the motion for *nunc pro tunc* lifting of the stay. . . ."[23]

On January 6, 2020, the Bankruptcy Court entered an Order on the motions.[24] In this Order, the Bankruptcy Court found that Pentecost's filing his Louisiana Nullity Action "constituted a violation of 11 USC §362(a)(3) . . . ."[25] The Order also states that:

> There have been no facts or circumstances presented to this Court to justify the *nunc pro tunc* annulment of the automatic stay under 11 USC §362 as to the Pentecost Petition; [and] Pentecost has failed to provide sufficient cause to justify any other relief from the automatic stay under 11 USC §362 as to the Pentecost Petition."[26]

Pentecost argues that the Bankruptcy Court erred in finding that the commencement of the Louisiana Nullity Action violated the automatic stay, and that the court also erred in refusing to grant *nunc pro tunc* relief from the automatic stay.

## II.
### LAW AND ANALYSIS

A.   **Standard of Review.**

"The Fifth Circuit has consistently held that the standard of review applicable to bankruptcy appeals in a district court is the same as the standard applied by a Court of Appeals to

---

[23] (Docket #7: Tr. 86: 6-8, 10-12; 87:1-2, 15-18).
[24] (Record Bankruptcy Case 15-81004, Page ID # 711-713).
[25] *Id.*
[26] *Id.*

a district court proceeding."[27] Under those standards, "the bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and findings on mixed questions of fact and law are reviewed de novo."[28] Since the same standard of review applies to both the District Court and Court of Appeals, when reviewing a decision of a Bankruptcy Court, the District Court is required to review a Bankruptcy Court's denial of a motion for modification for stay relief for abuse of discretion.[29] Moreover, the District Court shall review a Bankruptcy Court's decision to enter a *nunc pro tunc* order for abuse of discretion.[30]

### B. The Automatic Stay.

11 USC §362(a)(3) provides that the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Pentecost argues that the Louisiana Nullity Action was a "defensive" action and is therefore not an attempt to control an asset of the estate under Section 362(a)(3). In support of this argument, Pentecost relies on the Fifth Circuit case of *In re U.S. Abatement Corp.*[31] That case, however, is distinguishable. In *U.S. Abatement*, the debtor had asserted counterclaims and the creditor sought summary judgment on those counterclaims. The Fifth Circuit held that:

> We have previously held that counterclaims asserted by a debtor are not actions "against the debtor" which are subject to the automatic stay. If a debtor's offensive claims are not subject to the automatic stay, a fortiori a creditor's motion to reinstate and seek summary judgment of such non-stayed claims is not subject to the automatic stay.[32]

---

[27] *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 586 (E.D. La. 2008); *AT&T Univ. Car Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 402 (5th Cir. 2001) (we apply the same standard of review to the analysis of the bankruptcy court's order as did the district court).
[28] *Id.*
[29] *In re Mirant Corp.*, 440 F.3d 238, 245 (5th Cir. 2006), citing *In re Chunn*, 106 F.3d 1239, 1242 (5th Cir. 1997).
[30] *In re Amos Ins.*, 444 F.3d 690 (5th Cir. 2006).
[31] 39 F.3d 563 (5th Cir. 1994).
[32] *Id.* at 568 (internal citations omitted).

Here, unlike *U.S. Abatement*, Pentecost is not taking purely defensive action. Rather, Pentecost commenced the Louisiana Nullity Action and is asserting affirmative, offensive claims; not counter-claims asserted in response to the unstayed affirmative claims of a bankruptcy trustee. Moreover, Pentecost's claims seek relief that has already been uniformly rejected by state and federal courts in prior proceedings, and the judgment Pentecost attacks has long since become a final, non-appealable judgment.

The Fifth Circuit addressed the application of Section 362(a)(3) in the case of *In re S.I. Acquisitions*.[33] In *S.I. Acquisitions*, a non-debtor party sought to pursue an alter ego cause of action against the debtor corporation's insiders. The Fifth Circuit determined that the alter ego cause of action was an asset of the bankruptcy estate and then inquired whether the non-debtor's pursuit of the alter ego cause of action constituted "exercising control" over such property of the estate. Adopting the reasoning of the Fifth Circuit decision of *In re Mortgage America*,[34] the court in *S.I. Acquisitions* concluded that the automatic stay under §362(a)(3) applies to a non-debtor's pursuit of a cause of action that seeks to recover property of the estate.[35] Where §362(a)(3) is applied in the context of a nondebt or filing a lawsuit involving an asset of the estate, the question for the bankruptcy court is whether allowing the lawsuit to continue might actually deplete the bankruptcy estate.[36] This is the same rationale applied by the Fifth Circuit in its *S.I. Acquisitions* decision. Pentecost seeks to distinguish the *S.I. Acquisitions* and *In re Mortgage Corp.* cases from the present case by asserting that the present case "do[es] not involve a party pursuing a money judgment against a debtor in an active bankruptcy case, which, if rendered by the state court, could

---

[33] 817 F.2d 1142 (5th Cir. 1987).
[34] 714 F.2d 1266 (5th Cir. 1983).
[35] 817 F.2d 1150, 1151.
[36] *In re Cincom iOutsource, Inc.*, 398 B.R. 223 (Bankr. S.D. Ohio 2008).

adversely affect the assets of the bankruptcy estate."[37] This is a distinction without a difference. Here, Pentecost seeks to nullify a final state court judgment; if successful, this action would adversely affect the bankruptcy estate by depriving it of a $1 million asset.[38] Pentecost's attempt to nullify the state court judgment is an attempt to exercise control over an estate asset and as such is a violation of Section 362(a)(3). In sum, the Bankruptcy Court did not err in finding that Pentecost violated the automatic stay.

### C. *Nunc Pro Nunc* Annulment of the Automatic Stay.

Pentecost next argues that the Bankruptcy Court erred by refusing to grant *nunc pro tunc* relief from the automatic stay, effectively granting him retroactive permission to pursue the Louisiana Nullity Action. Section 362(d) of the Bankruptcy Code authorizes the court to grant relief such as modifying or annulling the automatic stay.[39] The power to annul "permits the order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay . . . [s]uch actions would be void otherwise."[40] The Fifth Circuit has recognized the inherent power of the bankruptcy court to retroactively annul the automatic stay under the authority granted in §362(d):

> In section 362(d) Congress empowered the court to grant relief from the automatic stay "by terminating, annulling, modifying, or conditioning" the stay. The power to annul authorizes retroactive relief even unto the date of the filing of the petition giving rise to the automatic stay. The power to annul authorizes the court to validate actions taken subsequent to the impressing of the section 362(a) stay.[41]

But the Fifth Circuit has also cautioned courts on retroactively annulling the automatic stay:

---

[37] Appellant's brief at 12.
[38] As noted above, the Louisiana Nullity Action asserts claims that have been repeatedly and uniformly rejected by both federal and state courts in prior proceedings.
[39] *Picco v. Glob. Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990); *In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1/22/92).
[40] 2 Collier on Bankruptcy §362.07 (15th ed. 1990).
[41] *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178-179 (5th Cir. 1989).

> Rather, the retroactive validation of actions taken in violation of an automatic stay is reserved to the discretion of bankruptcy courts, and they are cautioned to use this discretion sparingly because of the adverse impact that validation could have on other creditors who honored the stay. *See, e.g., In re Cueva*, 371 F.3d 232, 236 (5th Cir.2004) (stating that bankruptcy courts have "broad discretion" to grant or to deny retroactive annulment or modification of an automatic stay); *In re Thornburg*, 277 B.R. 719, 731 (Bankr.E.D.Tex.2002) (stating that bankruptcy courts should grant retroactive relief for actions that violated an automatic stay only in exceptional circumstances).

A determination of whether a court should exercise its discretion in retroactively lifting the automatic stay should be handled on a case-by-case basis by balancing the equities to determine if retroactive annulment is appropriate.[42] Courts have consistently held that retroactive annulment of the automatic stay will only be granted if the party seeking such relief "justifiably believed their action did not violate the automatic stay."[43]

Pentecost's sole argument that the Bankruptcy Court erred in not granting *nunc pro tunc* annulment of the automatic stay is that the Bankruptcy Court specifically found that Pentecost did not commit a willful violation of the automatic stay. While this finding is essential to a court granting *nunc pro tunc* annulment of the automatic stay, this finding alone is not sufficient to satisfy the requirement of exceptional circumstances. Under Section 362(d), Pentecost must first show **cause** for relief from the automatic stay. Only upon a sufficient showing of cause could a bankruptcy court then consider the additional exceptional circumstances required to grant retroactive relief. Pentecost has articulated no grounds that would constitute cause for the Bankruptcy Court to grant relief from the automatic stay. Accordingly, the Court cannot find that

---

[42] *In re National Environmental Waste Corp.*, 129 F.3d 1052, 1055 (9th Cir. 1997).
[43] *In re Brown*, 251 B.R. 916 (Bankr. M.D. Ga. 2000), citing *In re Albany*, 749 F.2d 670 (11th Cir. 1984); *see also In re Pinetree*, 876 F.2d 34, 37-38 (5th Cir. 1989).

the Bankruptcy Court abused its discretion in refusing to grant *nunc pro tunc* relief from the automatic stay.

For the foregoing reasons, the Court finds that the Bankruptcy Court's January 6, 2020 Order was not an abuse of discretion. The Appeal filed by Pentecost is therefore DENIED and the Bankruptcy Court's Order is AFFIRMED.

THUS DONE in Chambers on this 26th day of January, 2021.

> ROBERT R. SUMMERHAYS
> UNITED STATES DISTRICT JUDGE